## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| DAEQUAN MARTIN | |
| Plaintiff, | Case No. 3:20-cv-944 (CSH) |
| v. | **MAY 14, 2021** |
| WARDEN RODRIGUEZ, ET AL., | |
| Defendants. | |

## RULING AND ORDER ON
## PLAINTIFF'S MOTION FOR RECONSIDERATION

**HAIGHT, Senior District Judge:**

On July 9, 2020, Plaintiff filed a *pro se* Complaint, in which he alleged that the conditions of his incarceration at Osborn Correctional Institution ("Osborn") exposed him to risks of contracting the COVID-19 virus in a manner that violated his rights under the Eighth and Fourteenth Amendments to the federal Constitution. *See generally* Doc. 1. On July 28, 2020, Plaintiff filed a motion for a temporary restraining order and preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure, in which he requested that this Court direct the relevant prison authorities to place him in a single-occupant cell and maintain certain conditions of confinement that would eliminate or reduce his risk of infection by the COVID-19 virus. *See generally* Doc. 8. In a ruling and order dated August 4, 2020, this Court denied Plaintiff's Rule 65 motion and *sua sponte* dismissed the Complaint, finding that Plaintiff's claims were within the scope of the earlier-filed class action *McPherson v. Lamont*, 3:20-cv-534, and that they consequently were barred from litigation before this Court by the terms of the settlement that had been reached in that case. *See* Doc. 9 at 2–3. I noted that "If Martin continues to be wronged by the conduct of the Osborn administrators—on which I neither express nor intimate a view—he

must seek a remedy from the District Judge with retained responsibility for the Class Action." *Id.* at 3–4.

On August 11, 2020, Plaintiff filed a motion to extend time, requesting three weeks "to formulate a response" to the Court's August 4 order, and stating that he "intend[ed] to fix/amend his complaint in this matter." Doc. 10 at 1. The Court denied Plaintiff's request as moot on August 12, 2020 because there was no case pending before the Court: the case file was closed by the Clerk at the Court's direction on August 4. *See* Doc. 11. Nonetheless, Plaintiff filed the instant "Motion for Reconsideration to Amend Complaint" on August 28, 2020. *See* Doc. 12. In this motion, purportedly brought pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, Plaintiff asserts that the Court "misconstrued" his complaint, arguing that his claims concern "that he was deliberately exposed to COVID-19 virus out of retaliation[,] not by [D]efendants['] failure to follow the settlement agreement . . . ." Doc. 12 at 1. Plaintiff furthermore appends his proposed amended complaint, containing a First Amendment retaliation claim in addition Eighth Amendment deliberate indifference and cruel and unusual punishment claims. *See* Doc. 12 at 16–19.

This Court's entry of dismissal without prejudice is a final order subject to reconsideration under Rule 60(b) of the Federal Rules of Civil Procedure. *See Rinieri v. News Syndicate Co.*, 385 F.2d 818, 821 (2d Cir. 1967); *see also Nichols v. Prudential Ins. Co. of Am.*, 406 F.3d 98, 104 (2d Cir. 2005) ("It is well established that a dismissal without prejudice, absent some retention of jurisdiction such as an invitation to amend the complaint, terminates the action and is a final decision from which an appeal lies." (citing *Wynder v. McMahon*, 360 F.3d 73, 76 (2d Cir.2004))). Rule 60(b) provides, in relevant part, that "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . .

mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1).[1]  "Rule 60(b) is 'generally not favored and is properly granted only upon a showing of exceptional circumstances.'"  *Ritchie Cap. Mgmt., L.L.C. v. Coventry First LLC*, No. 07-cv-3494, 2016 WL 6952248, at *3 (S.D.N.Y. Nov. 28, 2016) (quoting *Ins. Co. of N. Am. v. Pub. Serv. Mut. Ins. Co.*, 609 F.3d 122, 131 (2d Cir. 2010)).  "'In reaching its determination, the Court must consider all relevant circumstances surrounding the party's omission. Such circumstances include prejudice to the adversary, the length of the delay, the reason for the error, the potential impact on the judicial proceedings, whether it was in the reasonable control of the movant, and whether the movant acted in good faith.'"  *Jolin v. Casto*, 238 F.R.D. 48, 50 (D. Conn. 2006) (quoting *Flaherty v. Hackeling*, 221 F.R.D. 383, 386 (E.D.N.Y.2004)).

The Court is mindful that it is bound to "liberally construe pleadings and briefs submitted by *pro se* litigants . . . reading such submissions to raise the strongest arguments they suggest."  *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007) (citations and quotation marks omitted).  However, "the liberal treatment afforded to *pro se* litigants does not exempt a *pro se* party 'from compliance with relevant rules of procedural and substantive law.'"  *Bell v. Jendell*, 980 F. Supp. 2d 555, 559 (S.D.N.Y. 2013) (quoting *Maisonet v. Metro. Hosp. & Health Hosp. Corp.*, 640 F.Supp.2d 345, 348 (S.D.N.Y.2009)); *see also Flaherty*, 221 F.R.D. at 386.

In the case at the bar, even giving Plaintiff's motion the liberal consideration it is due, the Court finds no reason to reopen the instant (now-dismissed) action.  Plaintiff's motion, at

---

[1] Rule 60(b) also provides that a party may be relieved of a final order for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6).  The Second Circuit has explained, however, that although "[Rule 60(b)(6)] is a 'grand reservoir of equitable power to do justice in a particular case.' . . . But that reservoir is not bottomless.  Recognizing Rule 60(b)(6)'s potentially sweeping reach, courts require the party seeking to avail itself of the Rule to demonstrate that 'extraordinary circumstances' warrant relief." *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012) (quoting *Matarese v. LeFevre*, 801 F.2d 98, 106 (2d Cir.1986), and citing *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864 (1988) and *Nemaizer v. Baker*, 793 F.2d 58, 63 (2d Cir.1986)).  Further, and pertinent here, "Where a party's Rule 60(b) motion is premised on grounds fairly classified as mistake, inadvertence, or neglect, relief under Rule 60(b)(6) is foreclosed." *Id.*; *see also Salvagno v. Williams*, No. 3:17-cv-2059, 2019 WL 2720758, at *9 (D. Conn. June 27, 2019).

bottom, seeks to plead an entirely new set of facts and claims in the guise of reviving an action over which this Court no longer has jurisdiction.

Plaintiff's putative amended complaint alleges that "In retrospect . . . [D]efendants in this matter ha[ve] exposed the Plaintiff to COVID-19 based on retaliation," arising out of Plaintiff's refusal to act as a "jailhouse informant" for Administrative Captain Colon in November 2019. Doc. 12 at 9–10.  Plaintiff claims that the housing transfers he experienced beginning in March 2020 were part of a pattern of retaliatory activity (including losses of several jobs in Osborn) that was orchestrated by Captain Colon.  Doc. 12 at 10–12.  The Court observes, however, that Captain Colon was in no way mentioned or alluded to in the original Complaint.  Furthermore, no factual allegations in the original Complaint relate to any pattern of retaliatory activity Plaintiff presently claims took place.  The job losses of which Plaintiff now wishes to plead are not at all evident in the original Complaint, nor do the facts of the original Complaint suggest a retaliatory motive for the housing transfers themselves: regarding these transfers, all Plaintiff's original Complaint alleges is that, when he asked why he was being moved, guards "gave answers like 'We need to move inmates around,' 'Your cell number came up' or 'The moves are random.'"  Doc. 1 at 11.

Whatever the merits of Plaintiff's new allegations regarding retaliation—of which the Court expressly takes no view—Plaintiff nowhere explains *why* he neglected or was unable to bring them to the Court's attention in the first instance.  Mere weeks separated the filing of the original Complaint and Plaintiff's purported amendment, and the Court finds it extremely curious that it only occurred to Plaintiff to raise the allegations related to retaliation *after his suit was dismissed*.  Plaintiff's attempted amendment is extensive, and without any explanation for the glaring omission it reveals, the Court will not disturb its prior, final order.  *See Flaherty*, 221

F.R.D. at 386 ("At a bare minimum, a party who seeks relief from judgment on the basis of excusable neglect must offer a convincing explanation as to why the neglect was excusable." (quoting *Cintron-Lorenzo v. Departamento de Asuntos del Consumidor*, 312 F.3d 522, 527 (1st Cir. 2002))).

In considering the circumstances and equities of the present situation, the Court additionally perceives no prejudice to Plaintiff resulting from the Court's declining to revive his now-dismissed suit.  Section 1983 claims are subject to a three-year statute of limitations.  *See Taurus B, LLC v. Esserman*, No. 3:14-CV-715, 2014 WL 4494398, at *3 (D. Conn. Sept. 12, 2014) (Haight, J.) ("In Connecticut, for purposes of § 1983 claims, the applicable statute of limitations is Conn. Gen. Stat. § 52-577, which provides that '[n]o action founded upon a tort shall be brought but within three years from the date of the act or omission complained of.'" (citation omitted)).  To the extent that Plaintiff's claims in the purported amended complaint are distinct from those asserted in the original Complaint that began this closed action, they can be maintained in a new, distinct lawsuit that this Court is fully able to hear and decide, the statute of limitations not having run.

Accordingly, Plaintiff's motion is DENIED.  Plaintiff's claims related to purported retaliation must be pursued, if at all, in a new action.

It is SO ORDERED.


Dated:        New Haven, CT
              May 14, 2021

                                                    s/ Charles S. Haight, Jr.
                                                    CHARLES S. HAIGHT, JR.
                                                    Senior United States District Judge

5